UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORMAN HORSLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM WARDWELL, individually and as Trustee of the Shirley Packer Trust,<br><br>Defendant. | Case No. 1:22-cv-00217-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Defendant William Wardwell's Motion for Attorney Fees (Dkt. 10) is fully briefed and before the Court. For the reasons explained below, the Court will grant the motion as to costs but deny it as to attorney fees.

**BACKGROUND**[1]

This lawsuit comes on the heels of a yearslong dispute between a trust beneficiary, Plaintiff Norman Horsley, and a trustee, Defendant William Wardwell. In short, Horsley now claims that several Idaho state courts were wrong to judicially resolve the parties' various disagreements rather than referring them to

---

[1] A detailed review of the facts can be found in this Court's prior Memorandum Decision and Order (Dkt. 28) dismissing the Complaint.

MEMORANDUM DECISION AND ORDER - 1

arbitration. Horsley also claims that Wardwell violated multiple fiduciary duties in his capacities as a trustee and an attorney.

On January 18, 2023, the Court dismissed Horsley's Complaint, concluding that his claims were barred under the *Rooker-Feldman* doctrine and claim preclusion. Dkt. 28. Shortly thereafter, Wardwell filed this motion seeking $10,680.50 in attorney fees and $19.70 in costs (Dkt. 29). The Court will award costs but not attorney fees.

## ANALYSIS

### 1. Costs

Wardwell seeks reimbursement for $19.70 in electronic research costs. Under Federal Rule of Civil Procedure 54(d)(1), Wardwell—who is clearly the prevailing party in this action—is entitled to recover those costs. The Court will therefore grant his motion in part and award costs in the amount of $19.70.

### 2. Attorney Fees

Wardwell offers four legal bases for an award of attorney fees: (1) federal law authorizing sanctions on attorneys in certain cases, 28 United States Code § 1927; (2) state law authorizing fee awards in frivolous cases, Idaho Code § 12-121; (3) attorney fee provisions in the parties' trust agreements; and (4) state law authorizing fee awards in certain cases involving commercial transactions, Idaho

MEMORANDUM DECISION AND ORDER - 2

Code § 12-120(3). Ultimately, though, none of these sources of law authorize the Court to award attorney fees in this case.

### A. Sanctions for Excessive Litigation (28 U.S.C. § 1927)

Wardwell first argues that plaintiff's counsel, Raymond D. Schild, should be personally liable for Wardwell's attorney fees because he "should have known" this lawsuit was "doomed for failure." *Def.'s Memo. in Supp.* at 4, Dkt. 29-1. Federal courts may hold attorneys personally liable for excessive attorney fees they cause by "multipl[ying] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. But the Ninth Circuit has held that section 1927 applies only to "unnecessary filings and tactics once a lawsuit has begun;" not to initial pleadings. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). Here, Wardwell bases his request for sanctions on the fact that Mr. Schild "fil[ed] the instant action" which was "doomed for failure." *Def.'s Memo. in Supp.* at 4, Dkt. 29-1. The fees Wardwell seeks are therefore not within the ambit of section 1927, because they were incurred only in responding to an initial pleading.

Moreover, section 1927 sanctions are only appropriate when an attorney acts "recklessly or in bad faith." *U.S. Associated Convalescent Enter., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) (quoting *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)); *see also Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995)

**MEMORANDUM DECISION AND ORDER - 3**

("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."). Although Horsley's Complaint lacked merit, there is no indication that Mr. Schild acted in bad faith or knew the claims were frivolous. Indeed, despite not succeeding in this Court, he apparently remains optimistic that his arguments will carry the day in another federal court. *See Notice of Appeal*, Dkt. 34.

### B.      Fee Awards in Frivolous Cases (Idaho Code § 12-121)

Wardwell next points to an Idaho statute allowing courts to award attorney fees in cases "brought, pursued, or defended frivolously, unreasonably or without foundation." Idaho Code § 12-121. The Court cannot award attorney fees under that statute, however, because it is procedural and does not apply in federal court.

This case is in federal court under diversity jurisdiction. *Compl.* ¶ 3, Dkt. 1. Federal courts exercising diversity jurisdiction generally must apply state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

State laws authorizing or requiring attorney fee awards are generally substantive and therefore applicable in federal diversity cases. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009). However, the Ninth Circuit has specifically held that Idaho Code section 12-121 is procedural rather than substantive. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991)

**MEMORANDUM DECISION AND ORDER - 4**

(citing *Matter of Comstock*, 16 B.R. 206, 209–10 (Bankr. D. Idaho 1981) ("[Section 12-121] is procedural.")).[2] Following that precedent, this Court recently reiterated that section 12-121 does not apply in federal diversity cases. *Safeco Ins. Co. of Ill. v. LSP Products Group, Inc.*, Case No. 1:20-cv-00436-DCN, 2023 WL 2333394, at *4 (D. Idaho Mar. 2, 2023). Instead, the Court looked to analogous federal law which only gives courts inherent authority to award attorney fees when a party acts in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

Applying the federal bad-faith standard here, the Court will not award attorney fees. Bad faith is a "high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), and federal courts should exercise their inherent authority to award fees "only in exceptional cases." *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 756 (9th Cir. 1986). Here, misguided as his

---

[2] Although Idaho Code section 12-121 has been amended since the Ninth Circuit's decision in *Bell v. City of Kellog*, none of the changes affect the *Erie* analysis. In *Bell*, the Ninth Circuit relied on an earlier decision in which the United States Bankruptcy Court for the District of Idaho explained that section 12-121 and Idaho Rule of Civil Procedure 54(e) do not provide for "additional relief in specific actions," but instead enable courts "to control, when circumstances demand, vexatious practices before them." *Matter of Comstock*, 16 B. R. 206, 209 (Bankr. D. Idaho 1981). Then, as now, section 12-121 authorizes Idaho courts to manage the proceedings before them; it does not, however, establish a "substantial policy of the state" regarding litigants' rights to attorney fees in particular cases. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975).

**MEMORANDUM DECISION AND ORDER - 5**

efforts may have been, there is no indication that Horsley acted in bad faith by bringing this action. The Court dismissed Horsley's case without reaching the merits because he had already raised and lost on the same claims in state court. Although the Court believes Horsley's claims are clearly barred under the *Rooker-Feldman* and claim preclusion doctrines, Horsley raised at least a good faith—if confused—argument that those doctrines are inapplicable where the state courts lacked subject matter jurisdiction to enter the earlier orders and judgments.[3]

In sum, neither section 12-121 nor the Court's inherent authority supports an attorney fee award in this case.

### C. The Parties' Agreements

Wardwell also claims that a fee award is justified under two of the parties' prior agreements. He first cites the Settlement Memorandum, signed in August of 2009, which states that any trust disagreements "shall be resolved by binding arbitration" and that "[t]he prevailing party in arbitration shall be entitled to an award of reasonable attorney's fees and costs incurred." *Dina Decl.* at 58, Dkt. 10-

---

[3] As explained in the Court's Memorandum Decision and Order (Dkt. 28), this argument holds no water. The point is that this Court is not a forum for seeking the reversal of a state court order. Horsley repeatedly articulated his jurisdictional arguments in state court. Thus, even if those arguments were meritorious (the Court makes no determination on this question), they were already raised and rejected and cannot now be revived in federal court.

3. Second, Wardwell cites the Controlling Agreement, signed in May of 2009, which similarly directs that any disputes "shall be resolved by binding arbitration" and that "[t]he prevailing party shall be awarded attorney fees and costs." *Id.* at 66–67.

Neither contract provision applies here because both refer specifically to fees incurred during arbitration. Wardwell claims the Controlling Agreement is broader than that because it authorizes fee awards to the "prevailing party" rather than the "prevailing party *in arbitration*." *Id.* (emphasis added). But the surrounding text in the Controlling Agreement belies any such distinction. Like in the Settlement Memorandum, the Controlling Agreement's attorney fee provision immediately follows a provision requiring that disputes be arbitrated. The reference to the "prevailing party" therefore clearly refers to the party who prevails *in arbitration*.

Although this Court has recognized that the present lawsuit is essentially a "round-about attempt to initiate another arbitration," this lawsuit is not itself an arbitration. Dkt. 28 at 18–19. Accordingly, the Court will not award *litigation* fees based on the parties' prior agreement to shift *arbitration* fees.

### D.    Fee Awards in Cases Involving Commercial Transactions (Idaho Code § 12-120(3))

Finally, Wardwell points to a state statute authorizing attorney fees in certain

MEMORANDUM DECISION AND ORDER - 7

cases involving commercial transactions.[4] Idaho Code section 12-120(3) provides in relevant part:

> In any civil action to recover on . . . [a] contract relating to the purchase or sale . . . of . . . services . . . , the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

According to Wardwell, section 12-120(3) applies here because it is implicit in Horsley's fiduciary duty claims that "there was a purchase or sale of attorney services from Wardwell to Horsley." *Def.'s Memo. in Supp.* at 9, Dkt. 10-1. But even if that assertion is implicit in Horsley's claims, section 12-120(3) only authorizes fee awards in actions "to recover on" commercial contracts. Here, Horsley sued for breach of fiduciary duty rather than to recover on any implied contract for legal services. Accordingly, section 12-120(3) does not authorize an attorney fee award in this case. *See Rockefeller v. Grabow*, 136 Idaho 637, 644–45 (2001) ("Where the gravamen of the claim is for damages arising out of the breach of a fiduciary duty, an award of attorney fees is not proper under I.C. § 12–120(3) because the action sounds in tort.").

---

[4] Unlike Idaho Code section 12-121, section 12-120(3) does provide a substantive right to attorney fees in particular kinds of cases and therefore applies in federal diversity cases, like this one.

**MEMORANDUM DECISION AND ORDER - 8**

3.   **Conclusion**

Ultimately, Wardwell is entitled to recover his costs, but he has not pointed to any source of law authorizing an award of attorney fees. The Court will therefore grant Wardwell's motion in part and deny it in part.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Attorney Fees (Dkt. 29) is **GRANTED in part** to the extent that it requests reimbursement for $19.70 of electronic research costs.

2. Defendant's Motion (Dkt. 29) is **DENIED in part** to the extent that it requests an award of attorney fees.

DATED: May 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge